IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

VIVIAN SINKS and husband, )
RAYMOND L. SINKS, )
 )
        Plaintiffs )
 )
        v. )        No.  4:04-cv-05
 )
HOSPITAL HOUSEKEEPING )
SYSTEMS, INC., and HOSPITAL )
HOUSEKEEPING SYSTEMS, LTD., )
a limited partnership, )
 )
        Defendants )

**MEMORANDUM OPINION**

This is an action under the Tennessee Handicap Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*, removed to this court from the Circuit Court of Warren County, Tennessee. Plaintiff Vivian Sinks claims that her former employer, Hospital Housekeeping Systems, Ltd. ("Hospital Housekeeping") failed to reasonably accommodate her disability. Currently pending is defendants' motion for summary judgment [Court File #5]. For the reasons that follow, the motion will be granted and this action dismissed.

# I.

## *Factual Background*

In 1997, plaintiff Vivian Sinks was hired by Riverpark Hospital to work as a cleaning person. Her job as a cleaning person involved cleaning doctors' offices, classrooms in the hospital, and public bathrooms. As part of her job duties, plaintiff "pulled the trash," vacuumed, dusted, mopped, and used a heavy industrial mop to mop the floor. While working as a cleaning person, plaintiff was responsible for cleaning the entire office, bathroom or classroom by herself.

In approximately 1999, Riverpark Hospital entered into a contract with Hospital Housekeeping in which Hospital Housekeeping began providing cleaning services for the hospital. Hospital Housekeeping hired the plaintiff to continue working as a cleaning person, without any change in her job duties.

In August 1999, plaintiff suffered a work-related hernia and alleged a work-related back injury. Plaintiff underwent a surgical repair of her hernia and returned to work with temporary physical restrictions. While plaintiff was bound by the temporary restrictions, Hospital Housekeeping assigned one of plaintiff's co-workers to assist her in performing the "heavier work" until she healed. The plaintiff worked in the "light duty job" for two or three months after her hernia surgery. After

2

plaintiff recovered from her surgery, she returned to work performing her regular job as a cleaning person. Plaintiff performed her job without issue until the middle of 2000, when she began complaining of work-related bilateral arm pain.

In the summer of 2001, after plaintiff underwent carpal tunnel releases, her treating physician, Dr. Haynes, temporarily restricted her from performing any work-related tasks, other than dusting, during her recuperative period. Hospital Housekeeping accommodated the plaintiff's temporary restrictions by reallocating the majority of plaintiff's duties to her co-workers and allowing her to dust only.

Plaintiff's job duties while on temporary work restrictions included dusting the lobby, arranging the books on the lobby table, and wiping the tables in the lobby. Plaintiff would assist her co-workers with their dusting responsibilities, as needed. Hospital Housekeeping reallocated the plaintiff's essential job functions in an effort to temporarily accommodate her restrictions of "dusting only."

Hospital Housekeeping did not employ anyone to perform the job of "dusting only" before plaintiff received the restrictions from Dr. Haynes. In the late fall of 2002, defendants learned that plaintiff's work restrictions of "dusting only" would be permanent.

3

After learning that plaintiff's work restriction of "dusting only" would be permanent, Jeff Totten, the President of Risk Management, advised the plaintiff that her restriction of "dusting only" could not be accommodated permanently by the company. Plaintiff's job of "dusting only" was eliminated on December 31, 2002, and the plaintiff was terminated from employment. Plaintiff admits that she could not return to her regular job as a cleaning person for Hospital Housekeeping after her hernia and arm injuries.

After plaintiff was terminated, the dusting duties which plaintiff had performed were split among her co-workers. The regular cleaning workforce absorbed plaintiff's dusting tasks as additional job duties. Defendant had never had a permanent job position for an employee to perform "dusting only." Plaintiff admits she cannot perform the essential functions of her job as a cleaning person unless a reasonable accommodation is made. She claims that such a reasonable accommodation would be to allow her to permanently perform in a "dusting only" position as she did during her temporary period of recuperation.

II.

*Summary Judgment Standards*

4

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

5

## III.

### *Plaintiff's Claim Under the Tennessee Handicap Act*

In 2000, the Tennessee Supreme Court addressed the appropriate framework for analyzing a handicap discrimination claim under Tennessee law. *See Barnes v. Goodyear*, 48 S.W.3d 698, 702 (Tenn. 2000). Borrowing from the Americans with Disabilities Act and a United States Supreme Court case interpreting the Act, the Tennessee Supreme Court concluded as follows:

> We hold that the appropriate framework for analyzing a handicap discrimination claim under the THA and the THRA is as follows. First, a claimant must establish that he or she is a qualified individual with a disability. Next, the claimant must show that he or she can perform the essential functions of the job with or without reasonable accommodation. Finally, the claimant must show that he or she was subjected to an adverse employment action on the basis of a protected disability. ...

*Id.* at 709-10. With respect to reasonable accommodation, the plaintiff has the initial burden of proposing an accommodation and showing it is objectively reasonable. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996). The law does not require an employer to permanently reassign the essential functions of a job as an accommodation for a disability. 29 C.F.R. § 1630; *Allen v. Georgia Power Co.*, 980 F. Supp. 470, 478 (N.D. Ga. 1997). Further, an employer is not

6

obligated to create a new job for a disabled employee who cannot perform the essential functions of her job. *Smith v. Ameritech*, 129 F.3d 857 (6th Cir. 1997).

In the instant case, plaintiff has failed to come forward with evidence of an essential element of her claim; that is, that she is able to perform the essential functions of her job with or without reasonable accommodation. Plaintiff was required to "pull the trash," vacuum, mop, and use a heavy industrial mop. Hospital Housekeeping did not have a permanent "dust only" position. Nor was it required to create one. The court finds that as a matter of law the heavier aspects of plaintiff's position, such as pulling and heavy mopping, were essential requirements of the job. Hospital Housekeeping need not restructure plaintiff's job requirements in order to reasonably accommodate plaintiff's impairment.

Plaintiff relies upon the case of *Tuck v. HCA Health Services*, 7 F.3d 465 (6th Cir. 1993), to support her argument that the defendant is required to relieve the plaintiff of some of the heavier work required by her position in order to reasonably accommodate her disability. The *Tuck* case is distinguishable. *Tuck* addresses issues under the Rehabilitation Act and not the Tennessee Handicap Act. In addition, plaintiff in *Tuck* was terminated from a temporary light duty job. In this case, plaintiff's termination was from a permanent position and only after it was

7

determined that her physical restrictions were permanent and she would not be able to perform many of the essential requirements of that position in the future.

Defendants also move for summary judgment on the claim against Hospital Housekeeping Systems, Inc. There is no proof in the record that Hospital Housekeeping Systems, Inc., was plaintiff's employer. Accordingly, that entity is also entitled to summary judgment. In addition, defendants contend that they are entitled to summary judgment on the claim of Raymond Sinks. Assuming that Mr. Sinks had a loss of consortium claim based upon the claim of his wife, that claim is a derivative one that cannot stand alone. Because defendants are entitled to summary judgment on Mrs. Sinks' claim, they are also entitled to summary judgment on Mr. Sinks' claim.

IV.

*Conclusion*

In light of the foregoing, defendants' motion for summary judgment [Court File #5] will be granted and this action dismissed.

Order accordingly.

               *s/ James H. Jarvis*
               UNITED STATES DISTRICT JUDGE